UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALONZO JAMICHAEL SEVERSON,

Plaintiff(s),

v.

UNITED STATES FEDERAL GOVERNMENT,

Defendant(s).

CASE NO. C26-0107-KKE

DISMISSAL ORDER

This matter comes before the Court on its own motion. On April 13, 2026, the Court ordered Plaintiff Alonzo Jamichael Severson to show cause why his case should not be dismissed for failure to prosecute by April 27, 2026. Dkt. No. 5. The Court warned that failure to timely respond to the order "will result in the case being dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b)." *Id.* at 3. Despite the Court's order, Severson did not timely respond to the order to show cause.

On June 16, 2026, Severson filed with the Court proof of service, indicating he had served Defendant The Federal Government by U.S. Certified Mail. Dkt. No. 12. Severson included three Certified Mail Receipts indicating that he mailed copies of the complaint and summons to "The White House," the "U.S. Attorney General," and the "WA State Attorney General." *Id.* at 4. Under Federal Rule of Civil Procedure 4, to serve the United States, "a party must[] deliver a copy of the

summons and of the complaint to the United States attorney for the district where the action is brought[.]" Fed. R. Civ. P. 4(i)(1)(A)(i). Because Severson has not provided proof of service on the U.S. Attorney for the Western District of Washington, service has still not been properly effected in this case. Thus, the order to show cause is not discharged. Additionally, two pieces of mail sent by the Court to Severson were returned as undeliverable on May 1, 2026 and May 26, 2026. *See* Dkt. Nos. 10, 11. Under Local Rule 41(b)(2), it is a pro se litigant's responsibility to keep the court apprised of his current mailing address. Local Rules W.D. Wash. LCR 41(b)(2). "If mail directed to a pro se plaintiff by the clerk is returned by the Postal Service … and if such plaintiff fails to notify the court and opposing parties within 60 days thereafter of his or her current mailing or email address, the court may dismiss the action without prejudice for failure to prosecute." *Id.*

Under Federal Rule of Civil Procedure 41(b), courts have discretion to dismiss a case "[i]f the plaintiff fails to prosecute or comply with the[] rules or a court order." Fed. R. Civ. P. 41(b). Courts may, on their own motion, dismiss a case for failure to prosecute. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). Here, Severson failed to comply with the Court's order to show cause and to update his mailing address in violation of LCR 41(b)(2). Thus, consistent with its prior warnings, the Court dismisses the case without prejudice pursuant to Fed. R. Civ. P. 41(b).

Dated this 31st day of July, 2026.

Kymberly K Evanson

Kymberly K. Evanson
United States District Judge