UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALONZO JAMICHAEL SEVERSON,<br>Plaintiff(s),<br>v.<br>UNITED STATES FEDERAL GOVERNMENT,<br>Defendant(s). | CASE NO. C26-0107-KKE<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT |

This matter comes before the Court on Plaintiff's Motion for Relief from Judgment. Dkt. No. 15. For the reasons discussed below, the Court GRANTS the motion.

Plaintiff filed his complaint on January 12, 2026. Dkt. No. 1. On April 13, 2026, the Court issued an order to show cause ("OSC"), ordering Plaintiff to "either submit a completed summons form to the Clerk or otherwise show cause why this case should not be dismissed for failure to prosecute by April 27, 2026." Dkt. No. 5 at 1–2. The Court warned that failure to timely respond to the OSC "will result in the case being dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b)." *Id.* at 2. On July 31, the Court dismissed the case without prejudice, where Plaintiff did not respond to the OSC and two pieces of mail sent by the Court to Plaintiff were returned as undeliverable. Dkt. No. 13; *see also* Local Rules W.D. Wash. LCR 41(b)(2) ("If mail directed to a pro se plaintiff by the clerk is returned by the Postal Service … and if such plaintiff fails to notify the court and opposing parties within 60 days thereafter of his or her current

mailing or email address, the court may dismiss the action without prejudice for failure to prosecute.").

Plaintiff filed the instant motion on August 4, 2026. Dkt. No. 15. Plaintiff seeks relief from the Court's dismissal order under Federal Rule of Civil Procedure 60(b), which authorizes courts to "relieve a party ... from a final judgment, order or proceeding" for "mistake, inadvertence, surprise, or excusable neglect" or "any other reason that justifies relief." Fed. R. Civ. P. 60(b). Here, Plaintiff states that he did not receive the Court's OSC and was unaware he needed to update his mailing address because he became homeless during the pendency of the litigation. Dkt. No. 15 at 1. Plaintiff further contends that he "would have immediately complied and continue prosecuting this action" had he received the OSC and that he "acted promptly in seeking relief" once he became aware of the dismissal order. *Id.* Plaintiff has since filed his updated address with the Court. Dkt. No. 17.

A party moving for relief under this rule "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion." *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir. 2006) (citation modified). Plaintiff's inability to continue prosecuting his case constitutes injury, and the circumstances rendering him homeless and unaware of the Court's OSC appear to have been out of his control.

Accordingly, the Court GRANTS Plaintiff's motion (Dkt. No. 15). The Clerk is directed to mail blank summons forms to Plaintiff. Plaintiff is ORDERED to resubmit completed summons forms to the Clerk no later than September 18, 2026. Plaintiff is further ORDERED to effectuate service on all Defendants no later than 45 days after the issuance of summons. The Court emphasizes that this is Plaintiff's final opportunity to effectuate service. Failure to do so in a timely manner will result in the case being dismissed. Plaintiff should not expect to receive additional extensions of time.

The Clerk is directed to vacate the Court's order and judgment dismissing the case without prejudice (Dkt. Nos. 13–14) and reopen this matter.

Dated this 4th day of September, 2026.

Kymberly K. Evanson
United States District Judge